UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
BUDDY GLOVER

                Plaintiff,

    -against-                    14 CV 5460 (CBA) (MDG)

CITY OF NEW YORK, GREGORY
STEWART, LAWRENCE HAMMOND,
WALTER MARIN, WANDA CHALAR,      **FIRST AMENDED COMPLAINT**
CHRISTOPHER JENNINGS, FAWAD
KHAN, ERIK HIRSCH, HEROLD
ALEXIS, MATTHEW MASSA, and
ANDREW PRENDERGAST,

                Defendants.
---------------------------------X

        Plaintiff Buddy Glover, by his attorneys, Lumer & Neville, as and for his First Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Buddy Glover was an adult male resident of Kings County, in the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendants Gregory Stewart, Lawrence Hammond, Walter Marin, Wanda Chalar, Christopher Jennings, Fawad

Khan, Erik Hirsch, Herold Alexis, Matthew Massa, and Andrew Prendergast were each employed by the City of New York as member of the NYPD and were assigned to the NYPD's Narcotics Bureau Brooklyn North ("NBBN").

    4.  Each of the individual defendants is sued herein in his or her individual and official capacities.

    5.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

    6.  Venue is properly laid, pursuant to 28 U.S.C. Section 1391, <u>et seq</u>. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

    7.  That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

    8.  At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

    9.  That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

    10.  On August 8, 2013, at or between about 3:00 and 4:00 p.m., plaintiff was lawfully present inside Apartment 2A at 882 Green Avenue in Kings County, New York

(the "premises").

11. Plaintiff was present inside the premises as an invited guest.

12. At or between about 3:00 and 4:00 p.m., plaintiff was sleeping in the living room of the premises, when he was woken up by the entry of police officers into the premises.

13. The individual defendants entered the premises at about this time.

14. The only people present in the premises at the time of the defendants' entry were plaintiff and the tenant who had invited him.

15. Plaintiff was not engaged in any criminal activity, was not in possession of any narcotics or contraband, was not aware of the existence of any narcotics or contraband in the premises, was not in actual or constructive possession of any narcotics or contraband, and it would have been unreasonable for a police officer to believe that plaintiff had engaged in any such criminal activity.

16. The defendants lacked probable cause to arrest plaintiff and it was unreasonable for them to believe probable cause existed.

17. Plaintiff was handcuffed and placed under arrest.

18. Plaintiff was transported to a local area NYPD station house, where his arrest was processed.

19. Plaintiff was detained for a period of time before being transported to Central Booking, where he was held for an additional period of time, during which he was assaulted and injured by other detainees.

20. The office of the prosecutor, believed to be either the Kings County District Attorney or the Office of Special Narcotics Prosecutor, declined to prosecute the plaintiff.

21. During the evening hours of August 9, 2013, plaintiff was released from defendants' custody without being charged.

22. That at all times relevant herein, the Doe defendants and their fellow officers were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

23. Plaintiff repeats the above allegations as though stated fully herein.

24. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

25. Those defendants that did not actually seize and arrest plaintiff must have known and understood that there was no basis to arrest plaintiff, yet deliberately failed to intervene in the arrest and imprisonment of plaintiff at any time.

26. By so doing, the individual defendants subjected the plaintiff to false arrest and imprisonment, and unlawful searches of his person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats the above allegations as though stated fully herein.

29. Plaintiff was falsely arrested and imprisoned by the defendants.

30. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable or otherwise appropriate.

31. The defendants are therefore liable under state law to plaintiff for false arrest and false imprisonment.

32. The City of New York is liable to plaintiff for the violations of state law by the Doe defendants.

33. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

 i. on cause of action one, actual damages and punitive against each of the individual defendants, in an amount to be determined at trial;

 ii. on cause of action two, actual damages and punitive against the individual defendants and actual damages against the municipal defendant, in an amount to be determined at trial;

 iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

 iv. such other relief as the Court deems just and proper.

Dated: New York, New York
   March 12, 2015

        LUMER & NEVILLE
        Attorneys for Plaintiff
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 566-5060

    By: _____
        Michael B. Lumer (ML-1947)