UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BUDDY GLOVER,

                          Plaintiff,

        -against-

CITY OF NEW YORK, ET AL.,

                         Defendant.

-------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

14-CV-5460 (CBA)(MDG)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 17, 2014, alleging that the defendant City violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendant City of New York[1] has denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

---

[1] The individuals identified in the caption as Gregory Stewart, Lawrence Hammond, Walter Marin, Wanda Chalar, Christopher Jennings, Fawad Khan, Erik Hirsch, Herold Alexis, Matthew Massa, and Andrew Prendergast have not responded to the complaint and as such are not defendants in this action.

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Buddy Glover the sum of **Ten Thousand ($10,000.00) Dollars** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release defendant City, Gregory Stewart, Lawrence Hammond, Walter Marin, Wanda Chalar, Christopher Jennings, Fawad Khan, Erik Hirsch, Herold Alexis, Matthew Massa, and Andrew Prendergast; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York the City of New York; or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.  This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       July 29, 2015

LUMER & NEVILLE
*Attorneys for Plaintiff*
225 Broadway, #2700
New York, NY 10007

By: _____
Michael B. Lumer
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Carolyn K. Depoian
*Assistant Corporation Counsel*